**COMP**
DAVID Z. CHESNOFF, ESQ.
Nevada Bar No. 2292
RICHARD A. SCHONFELD, ESQ.
Nevada Bar No. 6815
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net

BRETT O'BRIEN, ESQ
Pending *Pro Hac Vice*
NATIONAL SECURITY LAW FIRM, LLC
1250 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 600-4996
Attorneys for Plaintiff, *William Richardson*
brett@nationalsecuritylawfirm.com

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| **WILLIAM RICHARDSON**<br><br>                    Plaintiff,<br><br>v.<br><br>**DEPARTMENT OF HOMELAND SECURITY; U.S. CUSTOMS AND BORDER PATROL.**<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)     Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR DECLARATORY AND INJUNCTIVE RELIEF

For his Complaint, William Richardson ("Mr. Richardson" or "Plaintiff"), by the

undersigned counsel, states as follows:

1

1.    Plaintiff brings this action for injunctive relief and other appropriate relief and seeks the disclosure and release of agency records improperly withheld from Plaintiff by the Defendants, the Department of Homeland Security, and its subordinate agencies, pursuant to the Privacy Act of 1974, 5 U.S.C. §552a et seq. ("PA") and the Freedom of Information Act, 5 U.S.C. §552(a) et seq. ("FOIA").

## PARTIES

2.    Plaintiff is a United States citizen and a resident of Nevada.

3.    The Defendant, Department of Homeland Security (DHS), headquartered at Washington, D.C., and their federal agencies fall under the definition of "federal government agency" within the meaning of (1) 28 U.S.C. §1346(b), 28 U.S.C. §2401(b), and 28 U.S.C. §2671, and (2) 5 U.S.C. §552(f)(1) and 5 U.S.C. §552a(a)(1).  The U.S. Customs and Border Patrol (CBP) is a component of DHS, headquartered at Washington, D.C.  The DHS is in possession, custody, and control over documents and records about Plaintiff.

## JURISDICTION AND VENUE

4.    The Court has both subject matter jurisdiction over this action and personal jurisdiction over the Defendants pursuant to 5 U.S.C. §552(a)(4)(B), 5 U.S.C. §552a(g)(1), and 28 U.S.C. §1331.  The Court has the authority to issue declaratory and injunctive relief under 28 U.S.C § 1361.  The venue is proper in this Court pursuant to 5 U.S.C. §552(a)(4)(B), 5 U.S.C. §552a(g)(5), and 28 U.S.C. §1391 (b) and (e).  The Court has the authority to award attorneys' fees and expenses under 5 U.S.C. §552(a)(4)(E)(i) and 28 U.S.C. § 2412.

**FACTS**

5.      Plaintiff has been a member in the Global Entry program with Defendants, Department of Homeland Security and U.S. Customs and Border Protection since September 16, 2019 under membership identification number:  984878810-SC976.

6.      Plaintiff's membership renewal in the Global Entry program was denied on April 20, 2023.  **(Exhibit A)**

7.      On September 15, 2023, a FOIA request was uploaded to the U.S. Customs and Border Protection portal requesting specifically the following information: **(Exhibit B).**

> *1)     All interagency and intra-agency correspondence pertaining to the above;*
>
> *2)     All interagency and intra-agency records related to the individual;*
>
> *3)     All investigation and standard forms pertaining to the above.*
>
> *4)     All records naming or mentioning William Allen Richardson in any database, to include any databases maintained by Interpol but utilized by CBP.*

8.      On October 3, 2023 the law offices of National Security Law Firm received an acknowledgement from Customs and Border Protection of the September 15, 2023 FOIA request which was assigned a tracking number of CBP-FO-2023-139164.  **(Exhibit C)**.

9.      Pursuant to 6 C.F.R. Part 5 § 5.5(a) of the DHS FOIA regulations, the agency is to provide responses to FOIA requests within twenty (20) business days.  FOIA does, however, allow a ten (10) day extension of this time period in certain circumstances pursuant to 6 C.F.R. Part 5 § 5.5(c).

10.     Based upon the foregoing statutory regulations for responding to FOIA requests, the Defendants were to respond to the Plaintiff's FOIA request by October 30, 2023, given the ten

3

(10) day extension pursuant to 6 C.F.R. Part 5  § 5.5(c) as well as the Federal holiday of Columbus day on October 9, 2023.

11.    To date, Defendants have not released all or portions of responsive records required by law; further, Defendants have not adhered to the required statutory timelines.

12.    Defendants' failure to provide the requested records will result in preventing Plaintiff a meaningful opportunity to defend himself in his Global Entry denial appeal, which is a constructive violation of Plaintiff's 5th Amendment right to due process.

13.    Plaintiff believes that his Global Entry was denied because of a Ponzi scheme, of which Plaintiff was a victim. The case is *United States v. Damon Desage*, Case Number: 2:13-cr-00039-JAD-VCF-1.

14.    Plaintiff has a signed affidavit from the prosecuting U.S. Attorney on the case asserting that Mr. Richardson was the victim of the fraud and "was not responsible for any criminal activity."  **Exhibit D**

## LEGAL FRAMEWORK

15.    The Freedom of Information Act (FOIA) provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, *shall* make the records promptly available to any person." 5 U.S.C. § 552(a)(3) (emphasis added). Thus, FOIA creates a presumption that records held by the federal government must be produced to members of the public upon request.

16.     Section 552(d) expressly provides that it "does not authorize withholding of information or limit the availability of records to the public, except as specifically stated in this

section." Thus, records may only be withheld if they fall within one of Section 552's enumerated exemptions.

17.    If the Court finds a significant privacy interest at stake, it must balance that privacy interest against Mr. Richardson's interest and the public interest in disclosure. *Multi Ag Media LLC v. USDA*, 515 F.3d 1224, 1228 (D.C. Cir. 2008); *Nat'l Ass'n of Home Builders*, 309 F.3d at 32. The relevant public interests include an interest in information that would "shed light on an agency's performance of its statutory duties" and information that would let citizens know "what their government is up to[.]" *Multi Ag Media LLC*, 515 F.3d at 1231 (internal citation omitted). Here, disclosure of the records containing the reason for which Mr. Richardson was revoked from the Global Entry program would shed light on whether the agency had denied Mr. Richardson for a permissible reason within the scope of CBP's authority, or for an impermissible reason outside the scope of its authority.

18.    Plaintiff is not simply a member of the public requesting access to information about third parties, but rather is an individual requesting information about *himself*. The Privacy Act provides that "[e]ach agency that maintains a system of records shall upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system [and] permit him… to review the record and have a copy made of all or any portion thereof in a form comprehensible to him[.]" 5 U.S.C. § 552a(d)(1). The Privacy Act accordingly creates a presumption that records held by the federal government that pertain to a specific individual must be made available to that individual upon request.

19.    Records may only be withheld or redacted under the Privacy Act if they fall within one of the enumerated exemptions in subsections (j) or (k). Defendants at no point raised *any*

Privacy Act exemption as a basis for withholding or redacting the requested information. *See* Exhibit C. This is presumably because none of the Privacy Act exemptions apply. The only exemption that could conceivably apply is the Privacy Act's corollary to Exemption (b)(7)(E), Exemption (k)(2). Exemption (k)(2) allows for exemptions of "investigatory material compiled for law enforcement purposes[.]" However, even if Defendants were to raise Exemption (k)(2), it would not permit the excessive redactions and withholdings that have occurred here. Exemption (k)(2) provides that "if any individual is denied any right, privilege, or benefit that he would otherwise be entitled by Federal law, or for which he would otherwise be eligible, as a result of the maintenance of such material, such material shall be provided to such individual, except to the extent that the disclosure of such material would reveal" the identity of a confidential informant. 5 U.S.C. § 552a(k)(2). Mr. Richardson has been denied renewal to the Global Entry program—a privilege or benefit to which he would otherwise be eligible. Accordingly, under the Privacy Act, Plaintiff is entitled to access the requested records which pertain directly to him.

20.     Lastly, upon receipt of an individual's request under FOIA and/or the Privacy Act, under (a)(6)(A)(i), the agency must "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) ... whether to comply with such request and shall immediately notify the person." Further, under (a)(6)(A)(ii), the same timeline guidance applies to appeals, and, "If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination under paragraph (4) of this subsection." Under (i) or (ii), above, the time limits may be extended by written notice to the person making the request if "unusual circumstances" apply, but such extension would not be authorized to exceed ten working days. The deadline by which Defendants had to respond to Plaintiff's request was due to Plaintiff by October 27, 2023.

## COUNT I
### (Violation of the Freedom of Information Act-5 U.S.C. §552)

21.     Plaintiff realleges paragraphs 1 through 20 as if fully stated herein.

22.     Defendants are unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. §552.

23.     Plaintiff has exhausted applicable administrative remedies.

24.     Plaintiff is being irreparably harmed because of Defendants' unlawful withholding of requested records. Plaintiff will continue to be irreparably harmed unless the Defendants are compelled to conform its conduct to the requirements of the law.

25.     WHEREFORE, Plaintiff respectfully requests that the Court: (1) declare that Defendants violated the Freedom of Information Act; (2) order Defendants to immediately disclose the requested records, and limit redactions only to the names of CBP officers and computer function instructions, file location identifiers, and analytical processes used by CBP as it performs its duties and obligations under its Trusted Traveler Programs and make copies available to Plaintiff; (3) award Plaintiff reasonable costs and attorney's fees as provided in 5 U.S.C. §552(a)(4)(E); and (4) grant such other relief as the Court deems just and proper.

## COUNT II
### (Violation of the Privacy Act, 5 U.S.C. §552a(g)(1)(B))

26.     Plaintiff realleges paragraphs 1 through 25 as if fully stated herein.

27.     Plaintiff is an individual seeking access to information about himself.

28.     Any documentation in the possession, custody, and control of Defendants is a record maintained in a system of records, as described 5 U.S.C. §552a(a)(4)- (5).

29.     Upon information and belief, there are records responsive to Plaintiff's request that are being withheld or released with redactions applied to relevant content that does not fall within

Exemptions (b)(6), (b)(7)(C), or (b)(7)(E).  Defendants are wrongfully withholding records and information requested.

30.     Plaintiff has exhausted all required and available administrative remedies.

31.     Plaintiff has a legal right under the Privacy Act to obtain the information he seeks, and there is no legal basis for Defendants' denial of said right.  Defendants' refusal to provide Plaintiff with the requested records amounts to a deprivation of Plaintiff's federal rights.

        The Defendants' failure to properly respond to Plaintiff's FOIA request violated the statutory deadline imposed by the FOIA in 5 U.S.C. §552(a)(6)(A)(i).

32.     WHEREFORE, Plaintiff respectfully requests that the Court: (1) declare that Defendants violated the Privacy Act; (2) order Defendants to immediately disclose the requested records, and limit redactions only to the names of CBP officers and computer function instructions, file location identifiers, and analytical processes used by CBP as it performs its duties and obligations under its Trusted Traveler Programs and make copies available to Plaintiff; (3) award Plaintiff reasonable costs and attorney's fees as provided in 5 U.S.C. §552(a)(4)(E); and (4) grant such other relief as the Court deems just and proper.

## COUNT III
### (Violation of the Privacy Act, 5 U.S.C. §552a(g)(1)(C))

33.     Plaintiff realleges paragraphs 1 through 32 as if fully stated herein.

34.     Defendants relied upon documents and information maintained in records they kept about Plaintiff in order to make their decision to deny Plaintiff's renewal for Global Entry Membership Status.

35.     Plaintiff has been aggrieved by Defendants' decision to deny the renewal of his Global Entry; namely, in addition to the fee Plaintiff has already paid for Global Entry ($100), since Plaintiff's request, he has lost $20,000 as the result of Defendant's negligence.  Considering Plaintiff is an entrepreneur and CEO of his own successful company, based on his salary, this time waiting has already resulted in costs and losses to Plaintiff.  These damages are continuing, ongoing, and will continue to accumulate due to Plaintiff's necessity to travel for business purposes.

36.     As is evident by Defendants relying on records that, upon information and belief, Plaintiff believes do not involve Plaintiff, Defendants failed to maintain Plaintiff's records with the degree of accuracy necessary to assure fairness in their determination regarding Plaintiff's Global Entry status.

37.     But for the Defendants relying on the inaccurate records in Plaintiff's case, Plaintiff's Global Entry request would not have been denied.

38.      Defendants acted so egregiously and unlawfully that Defendants' personnel should have known their conduct and reliance on such records to Plaintiff's detriment was unlawful.

39.     WHEREFORE, Plaintiff requests that this Court award him the following relief: (1) declare that Defendants violated the Privacy Act; (2) order Defendants to immediately correct Plaintiff's records and refrain from relying on records that do not belong to Plaintiff; (3) award Plaintiff reasonable costs and attorney's fees as provided in 5 U.S.C. §552a(g)(3)(B); (4) award Plaintiff actual damages as provided in 5 U.S.C. §552a(g)(4)(B); and (5) grant such other relief as the Court may deem just and proper.

## COUNT IV
### (Violations of the Administrative Procedures Act by DCSA)

40.     The Plaintiff adopts and incorporates by reference paragraphs 1 through 39 as fully stated.

41.     Plaintiff specifically requested the documents, records, and reports upon which his Global Entry renewal denial was based on September 15, 2023.

42.     It is clear the Defendants are in violation of applicable and aforementioned orders, directives, and manuals with their tardiness, and there are no exceptions, exemptions, or excuses stated or contemplated within relevant orders, directives, or manuals.

43.     WHEREFORE, Plaintiff is entitled to relief in the form of a declaratory order that Defendants are in violation of their regulation and an injunction compelling Defendants pursuant to the APA to follow all laws, regulations, and applicable policies.

## PRAYER FOR RELIEF AS TO COUNTS I-II

Plaintiff respectfully requests that the Court:

44.     Declare the Defendants' failure to comply with FOIA and the Privacy Act to be unlawful;

45.     Order the Defendants to conduct an independent and comprehensive search of its documents and records in response to Plaintiff's FOIA and Privacy Act Requests;

46.     Order the Defendants to produce all responsive records without further delay or charge;

47.     Enjoin the Defendants from continuing to withhold records responsive to Plaintiff's FOIA and Privacy Act Requests to Defendants;

10

48.     Award Plaintiff attorneys fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and

49.     Grant such other relief as the Court deems just and proper.

### **PRAYER FOR RELIEF AS TO COUNT III**

Plaintiff respectfully requests that the Court:

50.     Declare the Defendants' failure to comply with the Privacy Act to be unlawful;

51.     Order the Defendants to conduct an independent and comprehensive search of its documents and records in response to Plaintiff's Privacy Act Request;

52.     Order the Defendants to produce all responsive records without further delay or charge;

53.     Enjoin the Defendants from continuing to withhold records responsive to Plaintiff's Privacy Act Request to Defendants;

54.     Award Plaintiff attorneys fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E);

55.     Award Plaintiff his actual damages in the amount of $20,000, plus additional amounts incurred that continue to accrue until completion of this lawsuit, pursuant to 5 U.S.C. §552a(g)(4)(B); and

56.     Grant such other relief as the Court deems just and proper.

### **PRAYER FOR RELIEF AS TO COUNT IV**

57.     Declare that the Defendants violated the Plaintiff's rights under the Administrative Procedures Act;

58.     A preliminary and permanent injunction prohibiting Defendants from continually violating Plaintiff's rights and associated practices challenged in this Complaint;

59.     Award Plaintiff his reasonable attorney fees, litigation expenses, and costs as allowed under applicable laws/case law, and grant such other relief as this Court deems just to the Plaintiff and his attorneys.

Dated this ___ day of November, 2023

Respectfully submitted,

CHESNOFF & SCHONFELD

_____/S/_____
DAVID Z. CHESNOFF, ESQ.
Nevada Bar No. 2292
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563

_____/S/_____
RICHARD A. SCHONFELD, ESQ.
Nevada Bar No. 6815
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563

_____/S/_____
BRETT O'BRIEN, ESQ
DC Bar License #: 1753983
NATIONAL SECURITY LAW FIRM, LLC
1250 Connecticut Avenue NW
Washington, DC 20036
Phone: (202) 600-4996
Fax:    (202) 545-6318